IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DONALD EDWARD SMITH, | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | |
| UNITED STATES OF AMERICA, | * | 28 U.S.C. §2671 |
| JENNIFER ADKINS - FNP, | * | |
| JOHN DOES 1 THRU 12, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### Federal Tort Claim
### Deliberate Indifference
### To Provide Medical Services

## I. Introduction

Donald Edward Smith, petitioner, federal inmate at Butner Low Correctional Medical Center located in Butner, North Carolina, does hereby allege the named defendant(s) continuously and deliberately denied necessary and critical medical care.

Further, defendant(s) altered, modified or otherwise falsified medical records to purposefully conceal the critical medical facts. Defendants' lack of medical care has caused Smith irreputable harm is causing petitioner exacerbation of medical problems as more specifically enumerated below, to wit, petitioner is suffering from:

1. Insomnia
2. Non-Hodgkins Lymphoma
3. Mantle Cell Leukemia
4. Chronic Lymocyatic Luekemia (CLL)
5. Autoimmune Disease Syndrome, Chemo Induced
6. Retinopathy
7. Pulminary disease and COPD
8. Mycrobacterium Avian Intracellular (MAI)
9. Spinal Stenosis causing severe back and leg pain (degenerative).
10. Congestive Heart Failure (progressive)
11. Coronary Artery Disease
12. Hypogmmaglobulinemia
13. Thrombocytoppenia
14. Diabetes - Type II

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DONALD EDWARD SMITH, | * |
|     Petitioner, | * |
| | * |
| v. | * Case No. _____ |
| | * |
| UNITED STATES OF AMERICA, | * 28 U.S.C. §2671 |
| JENNIFER ADKINS - FNP, | * |
| JOHN DOES 1 THRU 12, | * |
|     Respondents. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### Federal Tort Claim
### Deliberate Indifference
### To Provide Medical Services

## I. Introduction

Donald Edward Smith, petitioner, federal inmate at Butner Low Correctional Medical Center located in Butner, North Carolina, does hereby allege the named defendant(s) continuously and deliberately denied necessary and critical medical care.

Further, defendant(s) altered, modified or otherwise falsified medical records to purposefully conceal the critical medical facts. Defendants' lack of medical care has caused Smith irreputable harm is causing petitioner exacerbation of medical problems as more specifically enumerated below, to wit, petitioner is suffering from:

1. Insomnia
2. Non-Hodgkins Lymphoma
3. Mantle Cell Leukemia
4. Chronic Lymocyatic Luekemia (CLL)
5. Autoimmune Disease Syndrome, Chemo Induced
6. Retinopathy
7. Pulminary disease and COPD
8. Mycrobacterium Avian Intracellular (MAI)
9. Spinal Stenosis causing severe back and leg pain (degenerative).
10. Congestive Heart Failure (progressive)
11. Coronary Artery Disease
12. Hypogmmaglobulinemia
13. Thrombocytoppenia
14. Diabetes - Type II

15. Bronchiectasis

## II. Jurisdiction

Petitioner has exhausted all available administrative remedies and styled as "BP #8" through "BP #11". Pursuant to the Federal Tort Claims Act ("FCTCA"), 28 U.S.C. §2671, et seq., this court has proper jurisdiction in this matter.

On or about March 27, 2019, and pursuant to Bureau of Prisons Administrative Remedy Program Statement 1330.13c dated 12/22/1995, petitioner filed a request for administrative remedy in an attempt to reach an informal resolution and in hopes of receiving medical care. All administrative remedies through the Bureau of Prisons from Butner up to and through Washington D.C. have failed to yield any action whatsoever.[1]

## III. Defendants

The named defendants are proper U.S. citizen parties and who can sue or be sued in the United States. Jennifer Adkins ("Adkins") is a proper person. Adkins is a mature adult, age 51 years. Adkins is employed by the United States Department of Justice and presently serves as a Nurse Practitioner in the Bureau of Prisons Federal Medical Center at Butner Low Security Correctional Institution located in Butner, N.C. John Does one (1) through twelve (12) shall be named upon completion of discovery.

## IV. Statement of Facts

Smith first entered into Butner on November 28, 2018. Smith's designated care provider is Jennifer Adkins, P.A. FCNP to Dr. Michael Valdez, M.D. Upon meeting Adkins, Smith gave her his most recent medical

---

1. Copies of the BP's are attached in Appendix A.

2

records and prescriptions issued by his former medical experts and professionals. Adkins dismissed petitioner's medical records, took petitioner's prescriptions and threw them in the trash.

Smith proceeded to explain to Adkins that a cardio procedure had been performed less than four weeks prior to entering Butner - two stents were installed in his heart in Ocala, Florida, but Adkins pushed the medical records off the desk and stated "None of that has any use to me. You are not in a hospital - you are in prison...you are not a patient - you are a prisoner. I'll decide what you get going forward."

In the days that followed Adkins terminated all of Smith's medications, including Smith's "medically required" and essential Plavix, Symbicort, Diltiaem, Nytroglyceran, Tramadol, Isosorbide, Mononitrate ER, Temazapam, Allopurinal, Cyclobenzaprine, Magic Mouthwash (for tumors and cyst inside mouth) and Proparacaine 5% for eye. required Ibrutinib has not been started even today for maintenance of cancer along with routine screening every 3 months.

Smith further states that on or about February 19, 2019, he went to sick call for severe cough and infection in lungs.

Smith was attended by FCNP Adkins who insisted that he had a seasonal allergy.
Adkins advised Smith to buy some over the counter allergy medication sold by the BOP through the prison operated commissary.[2]

Smith advised Adkins of his multiple and critical illnesses and

---

2. It was later discovered this is Adkins standard response to medical issues..."Go to the commissary." Note that the Butner commissary only carries allergy tablets.

3

that the cough was more directly related to MAI which he had previously been treated as the symptoms (lung infection treated with antibiotics) are the same.

Smith further advised that his constant cough was creating medically necessary acute or emergent events with his heart disease, cancer issues and other problems including excruciating pain in his back, hips and legs. The cough was causing sleeplessness and severe headaches.

Adkins informed Smith that the allergy medications "will work if you take enough of them for a long enough period of time."

Adkins then told Smith that she would not prescribe any antibiotics, regardless of circumstances. Adkins then stated that she would not, any circumstances, prescribe pain medicine or sleep medications. She stated "people your age will always have aches and pains and will go to sleep if they get tired enough."

Adkins then ordered Smith to return to his unit.

Smith purchased medications from commissary as advised by Adkins.

Smith took medications for two (2) weeks to no avail.

Smith began to have chills, fever, chest, back and leg pains. His cough became increasingly worse.

Between February 19, 2019 and March 25, 2019 (on at least 6 occasions), Smith went to sick call to request an appointment.

Adkins refused to see Smith and refused to allow to meet with doctor(s) or other on-site medical professionals.

Smith filed Request for Informal Resolution (BP-8) on March 27, 2019. Request (BP-8) was disregarded and subsequently denied by unknown person or persons employed by the BOP at Butner.

4

On April 29, 2019, Smith filed another Request for Informal Resolution (BP-9) which was also disregarded and subsequently denied by Butner Warden Donna Smith.

Smith requested assistance from Butner Health Administrator Jacobs to no avail.

Smith sought help from Assistant Warden of Butner to no avail.

Smith filed the third (3) in the series of Requests for Informal Resolution (BP-10) with the regional Director of Butner which was denied.

During the months of May, June, and July, 2019. Smith went to the Federal Medical Center and was seen by an Anesthesieologist, Cardiologists, and screened with a CT Scan who all agreed with Smith that no further care could be performed pending resolution of his lung infection, heart problems (which had gotten worse) and pulminary disposition.

On July 15, 2019 Smith filed the final attempt at informal Remedy by appealing (BP-11) the previous decisions with the Bureau of Prisons Central Office in Washington D.C. of which the appeal was denied on September 22, 2019.

Smith's health problems are critical and he requires a treatment team which includes but is not limited to: a primary care physician team, neurologist, orthopedic, and physical therapy staff, a pain management provider, a psychiatrist, oncologist, cardiologist, pulmanologist, hemotologist and radiologist. Smith alleges he had suffered and will continue to suffer mental and emotional distress, extreme pain, suffering and humiliation in the future requiring psychological treatment and therapy.

5

## V. Claim of Medical Negligence and Deliberate Indifference

This claim stet for medical negligence and deliberate indifference.

Petitioner claims that the United States, Department of Justice, Bureau of Prisons and Jennifer Adkins (senior medical provider) and John Does 1-12 were at all times duly charged with petitioner's health and medical care.

1. Named defendants at all times herein were in a position to know or should have known that their actions of extreme negligence and deliberate indifference toward petitioner and his critical health circumstances (as more fully described in page 1, paragraph 1, items 1-15) were matters of grave importance and crucial to his life.

2. Upon petitioner's filing of grievances and Request for Informal Resolutions, Adkins became defiant and retaliated against Smith by further depriving petitioner from essential medical care and pacing petitioner on "diesel therapy" by designating petitioner to FMC while **knowing full well** there were no treatments to be done pending resolution of cardio and pulminary problems and by refusing petitioner rights to medical care, visitation to physicians and physician assistance.

3. LSCI Butner Medical Center permits practitioners who lack current certifications, privileges, practice agreements, protocols and qualifications to perform procedures and practices and to provide medical care to inmates at the prison.

4. The medical personnel at Butner Medical Services were negligent; failed to fully document petitioner's symptoms; were not truthful or forthcoming in response to direct inquires from BOP officials; failed to provide complete and accurate information, including copies of medical records to petitioner; altered and/or concealed medical records;

6

failed to appreciate the severity of petitioner's symptoms and health issues, his condition and the significance of test results; failed to timely diagnose the complications that ensued; failed to prescribe appropriate medications, delayed appropriate and timely needed medical care, terminated vital medications and/or delayed prescribing the most essential medications permitting his conditions to deteriorate and worsen causing needless pain, suffering and resulting in permanent and disabling illness and injuries.

5. Because of the negligence of the BOP Health Services department, plaintiff is likely to have further problems with his back, legs, heart, lungs, spine, neurological system and ambulation in the future as a direct result of the denial of appropriate care.

6. Donald Smith has been denied the actual treatment needed to relieve suffering and the surgical procedure necessary to relieve him of severe and continuing pain from his spinal issues.

As relief, petitioner requests injunctive relief, enjoining defendants to provide him with monthly evaluations by American Medical Association Certified Specialists who are fully qualified in the fifteen (15) relative fields pertaining to petitioner's health concerns along with monetary damages of fifty (50) million dollars, plus punitive and other damages along with reimbursement for the costs of the suit, including, but not limited to, legal costs and fees, attorneys fees, post judgment interest, and any other such relief the court deems proper.

## VI. Certificate of Merit

Petitioner avers that a Medical Screening Certificate of Merit is not required because the facts of this claim are non-complex matter of

7

diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience so that expert testimony is not required on the accepted standard of care. Petitioner thus invokes the doctrine of res ipsa loquitor in support of his claims.

Petitioner further avers that pursuant to the holding in Johnson v. United States, 394 F. Supp. 2d 854, 858 (S.D.W.Va. 2005), expert testimony may not be required, because defendant received ample pre-suit notice of his claim via administrative grievances filed before he filed his instant complaint. He asserts that his verified complaint with all its attached exhibits, including his medical records and the statement of Medical Screening Certificate of Merit meet the requirements of W. VA Code 55-7b-b(c).

## VII. Request for Counsel

COMES NOW, petitioner, Donald Edward Smith, pro se and hereby requests this honorable court to appoint legal counsel to represent him regarding his claim in this matter.

Petitioner is age 66 years old, incarcerated, indigent, in poor and deteriorating health and unknowing of the rules of court and the law.

Petitioner respectfully requests this court to appoint the law firm of Samuel Weiss, Washington, D.C. as counsel as this firm is familiar with cases of this nature and Bureau of Prison rules and regulations specifically.

Respectfully Submitted,

Donald E. Smith, pro se
68946-018
LSCI Butner
P.O. Box 999
Butner, N.C. 27509

8

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

DONALD EDWARD SMITH,
    Petitioner,

v.

UNITED STATES OF AMERICA,
JENNIFER ADKINS, FNP
AND
JOHN DOES 1 THROUGH 12,
    Respondents.

Case No. _____

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT

I, Donald Edward Smith, do hereby attest, under oath and at risk of perury, that the medical health issues and illnesses are real and can be confirmed by suporting documenttion and expert testimony should this case go to tril.

Duly sworn and atested ths _6_ day of November, 2019.

Donald E. Smith, Affiant
68946-018
LSCI Butner
PO Box 999
Butner, N.C. 27509